THE FARMERS' BANK OF N. C. *v.* R. W. GLENN and wife.

Our Courts as at present constituted, administer legal rights and equities between the parties, in one and the same action: *Hence,* in an action for a breach of covenant, it is competent for a defendant to show any equity affecting the measure of damages.

In an action for the breach of a covenant of seizin, the general rule, that the vendee recovers, as damages, the price paid for the land, with interest from the time of payment, is subject to many modifications, as where his (the vendee's) loss, in perfecting the title, has been less than the purchase money and interest, he can only recover for the *actual* injury sustained.

And if, after the sale to the vendee, the vendor perfects the title, such subsequently acquired title enures to the vendee by estoppel; which, being a part of the title, may be given in evidence without being specially pleaded.

CIVIL ACTION, tried at the Fall Term, 1872, of the Superior Court of the county of GUILFORD, before *Tourgee, J.*

The case agreed by counsel for both parties, and sent to this Court as part of the record, is substantially as follows:

The action is brought to recover damages for the alleged breach of a covenant contained in a deed, made and delivered by the defendant Glenn and his wife to the plaintiff, an incorporated bank, on the 28th day of December, 1868, for the expressed consideration of $2,000. The covenant,

alleged to have been broken, reads, "and we do further covenant that we are seized of the premises in *fee simple* and have power to make and convey such an estate by this indenture, and have done the same by these presents."

The complaint of the plaintiff alleges, that, at the time the deed was made, the defendants were not seized in fee of the land purporting to be conveyed, and had no power to convey a *fee simple* therein; for that they, the defendants, had on the 28th December, 1867, one year before delivering the said deed to the plaintiff, executed and delivered a deed in *fee simple* for the same land to Wilson & Shober, to secure a debt due them by the defendant, R. W. Glenn, for $1,600, payable in ninety days. Upon failure of the defendant to pay this debt of $1,600 to Wilson & Shober at maturity, to-wit: within ninety days after the 28th December, 1867, the deed to them was to become absolute and unconditional. That the debt was not paid at the expiration of the ninety days, and the deed became absolute as therein expressed.

In his answer, the defendant, R. W. Glenn, admits the execution of the deed as alleged, and the failure to pay the debt at maturity: But says that after the mortgage was made to Wilson & Shober, he, with their consent, sold 217 acres of the land, and applied $1,000 of the purchase money to their debt, Wilson & Shober releasing to the purchaser their claim on the land so sold. And further that he afterwards sold to them a steam saw-mill, of value sufficient to extinguish the remaining balance of the $1,600 debt. That the plaintiff's agent knew these facts, and that the covenant, the breach whereof is complained of, was inserted in the deed to the plaintiff as a mere form, and was never intended to be relied upon. The defendant also produces from Wilson & Shober a release to him of their right and claim to said lands of date 19th February, 1870. This action was commenced January 13th, 1870.

The other defendant, the wife of R. W. Glenn, files her separate answer, disclaiming any interest whatever in the land, except probably the contingent one of dower, and prays that the complaint be dismissed as to her with costs.

In his reply, the plaintiff denies the allegations of the answer as to knowledge of the deed to Wilson & Shober, and as to subsequent transactions set up by defendants as a defence; and relying upon the covenant and warranty, demands damages $2,000 and interest.

On the trial the plaintiff read the deed to the bank, made by the defendants 28th December, 1868.

The defendants, as to the question of damages, offered to prove that the mortgage to Wilson & Shober was known to the plaintiff at the time the deed was accepted by the bank. This evidence was objected to by plaintiff, and ruled out by the Court. The defendants then offered to prove that the debt to Wilson & Shober had been paid, and that on the 19th February, 1870, they executed a release, and that this release had been tendered to plaintiff and rejected. This evidence was objected to, but admitted by the Court, and the plaintiff excepted. The defendants further proved that the plaintiff had leased the land during the years 1869 and 1870; and that in a certain deed of trust, made the 23d February, 1871, by plaintiff to secure creditors, this same land was conveyed, and also the plaintiff's interest in any damages which might be recovered in this action. The introduction of this evidence was also objected to by plaintiff, but allowed by the Court and exception taken.

The plaintiff proposed to prove a want of knowledge as to the mortgage to Wilson & Shober; and that they sometime after still relied upon the mortgage as security for the payment of the debt due them. This evidence was objected to, and ruled out, and the plaintiff again excepted.

The plaintiff asked the Court to instruct the jury: 1. That the measure of damages due to the plaintiff for the

breach of the covenant assigned, was two thousand dollars, with interest from the date of the deed, less sixty dollars received as rent; or, 2. At least the damages should be sixteen hundred dollars, with interest from the date of the mortgage deed. These instructions his Honor refused, and the plaintiff excepted.

His Honor instructed the jury, that the plaintiff was entitled to recover nominal damages only, as he had alleged and proved no special damage. In obedience to the instructions, the jury rendered a verdict in favor of the plaintiff, assessing the damages at one penny. Judgment for the same and for costs. Plaintiff appealed.

*W. A. Graham,* for appellant.
*Dillard, Gilmer & Smith,* and *Scales & Scales,* contra.

SETTLE, J. The plaintiff seeks to recover damages for a breach of a covenant of seizin. The breach is admitted, and the only question for decision is, one as to the measure of damages.

The record raises some questions of evidence, which, in our view of the case, it is unnecessary to consider; for the Courts, under our present system, administer legal rights and equities between the parties, in one and the same action; and as soon as the plaintiff established a breach of the covenant, it was competent for the defendant to show any equity which would effect the measure of damages.

As soon as the deed was delivered, there was a breach of the covenant, which entitled the plaintiff to sue, and recover such damages as he had sustained. As a general rule, the vendee recovers the price paid for the land, with interest from the date of payment, but this rule is subject to many modifications; for instance, when there is only a partial breach of the covenant, in consequence of a want of seizin in a part only of the land conveyed; here, it is said that a

jury should assess the damages, having regard to the circumstances of the estate, and deducting from the price paid the value of that portion of the land as to which there was no breach.

And again, if there be an outstanding, paramount title, which the covenantee purchases in, he is not entitled to recover the whole of the purchase money, with interest, but only the amount paid to perfect the title, with interest from the date of payment. In other words, where the loss has been less than the purchase money and interest, the plaintiff can recover only for the actual injury sustained.

Mr. Sedgewick, in his work upon the measure of damages, page 177, comments with approbation upon the ruling in *Baxter* v. *Bradbury*, 20 Maine, 260, which is an authority directly in point upon the case under consideration. In that case, the defendant perfected his title to a part of the land conveyed, after the execution and delivery of his deed to the plaintiff; and he perfected title, as in our case, to another part of the land after the plaintiff had commenced this action; and yet the Court held, that the plaintiff was entitled to nominal damages and nothing more, since he had not been disturbed in his possession. The subsequently acquired title was held to enure to the grantee by estoppel. The same objection to evidence was made in that case as in ours, but it was ruled to be admissible; the Court saying, "the estoppel being part of the title, may be given in evidence without being pleaded." The plaintiff does not stand in a very graceful attitude before the Court, when it seeks to recover the purchase money after its title to the land has been perfected, and when it has, by a deed in trust, conveyed the same land to secure the payment of its debts. The bank is seeking to have the land and also the purchase money. To allow it to do so, would be grossly inequitable.

The judgment of the Superior Court is affirmed. 'This will be certified, &c.

PER CURIAM.        Judgment affirmed.