## THE GEORGIA RAILROAD COMPANY *vs.* GANN & REAVES.

1. The verdict is supported by the evidence.
2. A general stipulation or notice in a bill of lading will not limit the liability of a common carrier ; an express contract is necessary for that purpose. Such is the meaning of the charge in this case.

(*a.*) An express contract will not protect a common carrier from the results of its own negligence in running its trains.

3. Where goods are shipped over a connecting line of railroads, the last road of the line receiving them as in good order for transportation is liable to the consignee for damages.

(*a.*) Goods were billed from St. Louis, Mo., to Athens, Ga.; as far as Atlanta, Ga., through rates of freight were paid, and from Atlanta to Athens local rates were charged :

*Held*, that even if this did not make the Georgia Railroad (from Atlanta to Athens) liable as the last road of a through line, still the receipt by it of the goods for transportation without exception was impliedly a receipt as in good order, and would render that road liable for damages occurring thereto.

Railroad. Damages. Negligence. Verdict. Charge of Court. Contracts. Before Judge POTTLE. Clarke Superior Court. November Term, 1881.

A car load of hay was shipped by Marmaduke & Brown, at St. Louis, Mo., to Gann & Reaves, at Athens, Georgia. As far as Atlanta, Georgia, through rates of freight were charged; from Atlanta to Athens local rates were charged. The hay arrived at its destination by the Georgia railroad, hot, molded and badly damaged. The consignees refused to receive it from the Georgia railroad, and the company sold it and kept the proceeds. Gann & Reaves brought suit against the road for the damage done. The evidence was conflicting as to whether the damage to the hay resulted from leaking of rain into the car (the fact of leakage being established) or from improper baling of the hay before shipment. There was also some conflict in the testimony as to how long the hay was on the road. One of the plaintiffs testified that it was three weeks from its

shipment to its delivery, while some witnesses for the defense calculated the time to be about two weeks or less.

The bill of lading was as follows ;

"ST. LOUIS AND IRON MOUNTAIN RAILROAD COMPANY—GREEN LINE.

ST. LOUIS, Feb. 17th, 1874.

*Rates guaranteed to Atlanta, Georgia. Special $100.80 per car.*

Received from Marmaduke & Brown the following packages, contents unknown, in apparent good order, viz : N. & N. W. 218, 1 car 73 bales hay, shippers count—Gann & Reaves, Athens, Ga."

S. FRINK, *St. L., G. Frt. Agt.*

"Marked and numbered as per margin to be transported from St. Louis to Columbus, Kentucky, and delivered to Nashville and Northwestern railroad. The packages aforesaid must pass through the custody of several carries before reaching their destination, and it is understood as a part of the consideration for which the said packages are received, that the exceptions from liability made by such carriers respectively shall operate in the carriage by them respectively of said packages as though inserted at length, and especially that neither said carriers, nor either or any of them, shall be liable for leakage of any kind of liquids nor for losses by the bursting of casks or barrels of liquids arising from expansion or other unavoidable causes ; breakage of any kind of glass, carboys of acids or articles packed in glass, stoves and stove furniture, castings, machinery, carriages, furniture, musical instruments of any kind, packages of eggs, or for loss or damage of hay, hemp, cotton, or the evaporation or leakage of liquids of any description, leakage of grain in bulk, or for damages to personal property of any kind occasioned from delay from any cause, or change of weather, or for loss or damage by fire, or for loss or damage on the sea or rivers. And it is further especially understood that for all loss or damage occurring in the transit of said packages the legal remedy shall be against the particular carrier only in whose custody the said packages may actually be at the time of the happening thereof, it being understood that the St. Louis and Iron Mountain Railroad Company, in receiving said packages to be forwarded as aforesaid, assumes no other responsibility for their safety or safe carriage than may be incurred on its own line. All goods carried by this company are charged at actual gross weight, excepting such articles as are provided for in our general tariff. All property will be subject to necessary cooperage, and freight is to be paid on the actual gross weight as ascertained by the company's scales. Road not accountable for loss in weight of flour, grain, seeds,

feathers and ginseng, arising from unavoidable cause. Cotton in bales at owner's risk of wet and dirt. Claims for damages must be reported by consignee to the delivering line within thirty-six hours after the arrival of the freight at the place of delivery indicated above. In the event of the loss of property under the provision of this agreement the value or cost of the same at the point of shipment shall govern the settlement. No liability will be assumed for wrong carriage or wrong delivery of goods that are marked with initials, numbered or imperfectly marked. Weight and classification subject to correction.

(Signed) ST. LOUIS AND IRON MOUNTAIN R. R. CO."
A. L. HARVEY, *Contracting Agent.*

The jury found for the plaintiffs $953.50. Defendant moved for a new trial on the following, among other grounds:

(1.) Because the verdict was contrary to law and the evidence.

(2.) Because the court charged as follows: "A Common carrier may limit its liability by express contract with the shipper. Any other limitation of its liability is void and in contravention of law. If there had been an express contract between Marmaduke & Brown, as authorized agents of the plantiffs, and the Iron Mountain Railroad Company, outside of the receipt or bill of lading, limiting their liability, that contract would bind the plaintiffs, but a stipulation in the receipt, as in this case, signed by the railroad company, is not binding on the plaintiffs, and you will not consider it.

(3.) Because the court charged, in effect, that if the defendant received the hay on the car in which it was, from a connecting road—the Western and Atlantic Railroad, " as in good order," the defendant would be liable for all damage unless it showed that the hay was damaged before shipment. [One count in the declaration charged receipt from the Western and Atlantic Railroad.]

(4.) Because the court charged that if " the hay was received by the St. Louis and Iron Mountain Railroad without exception and in good order, and that it was a connecting road of the Georgia Railroad and Banking Com-

pany, and said defendant received said hay as in good order in Atlanta, and when the hay arrived in Athens it was damaged, then plaintiffs should recover."

The motion was overruled, and defendant excepted.

JOS. B. CUMMING; GEO. D. THOMAS; S. P. THUR-MOND; EMORY SPEER, for plaintiff in error.

A. J. COBB; L. & H. COBB, for defendants.

JACKSON, Chief Justice.

1. The evidence in this case is sufficient to support the verdict. The hay was damaged, and the question was how. Was it done before shipped, or while in the custody of the carrier? The car which contained it leaked; it was some weeks on its way from St. Louis to Athens, and proof was in to show that this leakage caused the rot which damaged the hay. It is true that there is conflicting testimony as to what caused it, in the opinion of different witnesses, but the jury settled that issue, and it is not our habit to unsettle it.

2. By using the term "outside" of the receipt or bill of lading, we think, by a fair construction of the judge's charge, that he meant the contract between the shipper and carrier, so as to take the case without the provision in section 2068 of our Code, must be an express contract independently of a general stipulation or notice on the receipt given. Nor do we think that he erred in ruling that the bill of lading in this case is not such an express contract as the statute law of Georgia prescribes; for an inspection of it shows that it is a general bill of lading applicable to all manner of freight, and not at all an express contract entered into between the parties for this case. Even if it were an express contract, that would not protect it against negligence. 28 *Ga.*, 543 *et seq.*

3. Under section 2084, the defendant, the Georgia Railroad Company, being the last which received these goods

"as in good order," and one over which they were " intended " to pass to reach Athens, is liable to pay for the loss or damage.    This is unquestionably so if that company be in the St. Louis bill of lading.

If it be not in that contract or bill of lading, then the fact that it took the goods at Atlanta to transport to Athens, and thereby acknowledged them to be in good order, would fix the liability upon this company upon the implied contract safely to deliver them at Athens.

So that in any view we are able to take of it, the case is with defendants in error, and the judgment is affirmed.

Judgment affirmed.