## W. A. PRICE v. N. S. DEAL.

*Deed—Action for Breach of Covenants—Measure of Damages.*

1. In an action for damages for breach of covenants in a deed, the court, under the "prayer for general relief," will give such relief as the justice of the case demands.

2. If the action be for breach of covenant for quiet enjoyment, an eviction must be alleged and proved; but if for that of seizin, it is sufficient to negative the words of the covenant and to allege and prove the grantor had no title. In either case the measure of damages is the price paid for the land, with interest.

3. Where the title of the grantor fails as to a part of the land conveyed, as here, and the grantee pays a hundred dollars to extinguish the outstanding title, the measure of damages is the sum so paid, provided it does not exceed the value of that part as assessed by the jury; but if it exceed such value, the rule for the guidance of the jury is not the quantity, but the value that such part proportionately bears to the value of the whole tract, estimated by the consideration in the deed.

(*Williams* v. *Beeman*, 2 Dev., 483; *Wilson* v. *Forbes*, *Ib.*, 30; *Bank* v. *Glenn*, 68 N. C., 35, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of ALEXANDER Superior Court, before *Gudger, J.*

This action was brought to recover damages for the breach of covenants contained in a deed from the defendant to the plaintiff.

The plaintiff alleged that he purchased the land described in his complaint, containing about sixty acres, for the price of three hundred dollars, which was paid by him, and was a full and fair price for the land embraced within the boundaries of the deed which the defendant executed to the plaintiff at the time of the purchase.

That the deed contained two covenants—the one a covenant for quiet enjoyment, and the other a covenant of seizin.

That the plaintiff took possession of said tract of land, and his possession as to sixteen acres thereof had been disturbed by one Wilson Price, who claimed the same by a paramount title, and took possession under said title, and the said parcel of land is still held in possession by one Lafayette Little, who purchased from the said Wilson Price.

And that one Isaac Price had taken possession of another parcel of said land, consisting of twenty-four acres, under a title paramount to that of the defendant, and ousted the plaintiff therefrom, and the plaintiff had purchased the interest of the

said Isaac Price and paid him the sum of one hundred dollars. to procure his title.

The plaintiff demanded judgment for the damages he had sustained by the breach of warranty, and for such other relief as the justice of the case might require.

The defendant denied all the allegations of the complaint,. except that plaintiff did take possession of the land described in the complaint, and that he purchased from Isaac Price an outstanding incumbrance on the land, but if he did so, it was of his own accord, and he had no cause of action against the defendant on that account.

An order of survey was made to ascertain the boundaries of the portions of the land claimed by paramount title as alleged in the complaint. And it was agreed that after the survey the plaintiff might have leave to amend his complaint, so as to set out the exact boundaries of the parcels of land in dispute, and the defendant has leave to answer the complaint as amended. A survey was made and reported, but the record fails to disclose its purport or that there was any amendment of the pleadings.

On the trial it was admitted by the defendant that there was a title paramount as to the twenty-four acres, and also as to nine acres of the land contained in the defendant's deed of conveyance to plaintiff.

It was in evidence that there had been an action brought as to the twenty-four acres, and that the plaintiff had bought in the incumbrance thereon, and as to the nine acres, it was woodland, and that there had been no ouster of the plaintiff from that parcel and no other claim than by a processioning proceeding.

The defendant asked His Honor to charge the jury, "that if the plaintiff, supposing Isaac Price had a better title to the twenty-four acres than he had, bought in the incumbrance voluntarily and of his own accord, he could not recover the value of the land so incumbered in this action; and that if he had a right to recover at all for this incumbrance of the twenty-four acres, he could only recover the one hundred dollars and inter-

est on the same from the time he paid it; and that in order to recover in this action there must be such a disturbance of the plaintiff's title as would subject the disturber to an action of trespass."

These instructions were refused, and His Honor charged the jury, "that as the defendant admitted he had no title to the twenty-four acres and the nine acres at the time he executed his deed, the covenants contained in his deed were broken, and the plaintiff was entitled to recover for the twenty-four acres, that proportion of the cash price of the land that his portion bore to the whole amount of the land proposed to be conveyed, with interest thereon from the time he purchased the incumbrance upon this parcel; and as to the nine acres, notwithstanding there had been no disturbance amounting to an eviction or trespass, the plaintiff was entitled to recover such a proportion of the purchase money as this parcel bore to the whole amount conveyed."

The defendant excepted. There was a verdict and judgment in behalf of the plaintiff, and the defendant appealed.

*Messrs. R. Z. Linney*, and *G. N. Folk*, for plaintiff.
*Mr. M. L. McCorkle*, for defendant.

ASHE, J. The defendant's counsel insisted that, as the demand for judgment in the complaint was for damages for a breach of the covenant of quiet enjoyment, the plaintiff could not recover, because no eviction under a paramount title had been shown, and the plaintiff was not entitled to recover the amount paid by him to remove the incumbrance, because it was a voluntary act on his part.

But the plaintiff alleged breaches of the covenant of seizin as well as that of quiet enjoyment, and prayed for general relief. In such a case the courts will look to the allegations and proofs and give the plaintiff such relief as the justice of his case demands, consistently with the facts set out in the complaint and not disputed.

The plaintiff alleged that two parcels of the sixty acres purchased by him from the defendant, the one consisting of twenty-four acres, and the other of nine acres, had been claimed by persons having paramount titles, and that he had had to pay one hundred dollars to remove the incumbrance from the twenty-four-acre tract.

The defendant admitted he had no title to either of these parcels of land.

As a general rule a plaintiff cannot recover in an action for a breach of covenant for quiet enjoyment, without showing an eviction from the possession under a paramount title, and the measure of damages in such cases is the price paid for the land, with interest. *Williams* v. *Beeman,* 2 Dev., 483.

But in an action upon a covenant of seizin, all the plaintiff need show is that defendant had no title or no right to convey. *Wilson* v. *Forbes,* 2 Dev., 30; Rawle on Covenants for Title, 66; *Brant* v. *Foster,* 5 Iowa Rep., 287.

The reason of the distinction is that a covenant for quiet enjoyment is a covenant for possession, and that of seizin is a covenant for title, the word being used as synonymous with *right.* In an action upon the former covenant, an eviction must be alleged in the complaint or declaration, but on the latter, it is only necessary to negative the words of the covenant and to allege that the grantor had no seizin or title to the land. 4 Kent. Com. 479; *Richest* v. *Snyder,* 9 Wend., 416. And, as a general rule, the measure of damages is the same for a breach of covenant of seizin as for a breach of covenant of quiet enjoyment. *Wilson* v. *Forbes, supra.* This rule of damages is applicable to those cases where there is an eviction from the whole of the land conveyed, or a want of title to the same. But where there is an eviction from a want of title to only part of the land conveyed, and the plaintiff has been put to the necessity, as in this case, to advance money to remove an incumbrance, the measure of damages is more difficult to be fixed.

We think His Honor very properly refused to give the instruc-

tions asked for by the defendant, upon the question of damages, but we are also of the opinion that there was misdirection in the instruction which he did give to the jury.

It is well settled that a party who purchases land with covenants for seizin or quiet enjoyment may protect himself by buying in the outstanding title. *Faucett* v. *Woods,* 5 Iowa, 400.

When that is done the measure of damages, according to the best lights we have been able to obtain on the point is, that the damages in such a case would be limited to, or measured by, not the value of the land, but by the amount reasonably paid for that purpose, provided it did not exceed the purchase money. *Faucett* v. *Woods, supra; Brant* v. *Foster,* 5 Iowa, 287; Wood's Mayne on Damages, §255; *Bank* v. *Glenn,* 68 N. C., 35. It will be seen from the rule laid down by these authorities that the price paid to extinguish the outstanding title must not exceed the purchase money, and to determine whether it exceeded that amount it becomes necessary for a jury to ascertain the relative value of that parcel, and in doing so the rule for their guidance is not the proportion in quantity, as held by His Honor in the court below, but such proportion as the *value* of the land covered by the title paramount bears to the value of the whole land, estimated by the consideration. *Cornell* v. *Jackson,* 3 Cush., 506; *Morris* v. *Phillips,* 5 Johnson, 49. But if the amount paid to extinguish the outstanding title to the twenty-four acres shall be found to be more than the assessed value of that part, then the amount so assessed shall be the measure of damages, and this latter measure applies as well to the nine acres.

Being of the opinion that the justice of the case was not reached by the jury, in consequence of the misdirection of His Honor, the case must be remanded to the superior court of Alexander county, that proper issues may be submitted to the jury upon the question of damages only, with instructions as to the measure of damages in accordance with the principle announced in this opinion.

Error.                                                    Remanded.