THE CENTRAL RAILROAD AND BANKING COMPANY OF GEORGIA *vs.* TUCKER *et al.*

The contract declared upon being an undertaking to carry from Eufaula, Alabama, and deliver at Albany, Georgia, and that proved being a special agreement to carry from Louisville, Kentucky, via Atlanta, to Quitman, Georgia, the evidence does not support the declaration. The two contracts are different causes of action, and in a suit upon the one there can be no recovery on the other.

April 29, 1887.

Contracts. Railroads. Evidence. Actions. Variance. Before Judge BOWER. Dougherty Superior Court. October Term, 1886.

Reported in the decision.

LYON & GRESHAM ; W. T. JONES, for plaintiff in error.

D. H. POPE, by HARRISON & PEEPLES, for defendants.

BLECKLEY, Chief Justice.

Messrs. Tucker brought their action of complaint against the Central Railroad and Banking Company, alleging an undertaking by the company to transport a horse from Eufaula, Alabama, and deliver him at Albany, Georgia. This horse was alleged to have been injured by the negligence

of the company so that he died; and the action was to re-cover his value.   Upon the trial, the plaintiffs proved a special contract to transport a car-load of stock, of which this horse was one animal, from Louisville, Kentucky, via Atlanta, to Quitman, Georgia. . This was the only contract proved; and one of the plaintiffs was the witness.   Be-sides this, it was admitted by counsel at the trial that the transportation was under this special contract.   The spe-cial contract had various terms changing the ordinary liability of the carrier, and stipulating for divers exemp-tions from risk and responsibility.

The jury found a verdict for the plaintiff.   A motion for a new trial was made upon many grounds, and denied. The general grounds that the verdict was contrary to law and the evidence, are the only ones we find it necessary to consider.

It matters not whether there were other errors on the trial, if the verdict is not sustainable by the evidence; and it certainly is not.   There was no proof at all of the cause of action alleged in the declaration.   The plaintiffs showed themselves to have had a different cause of action from that upon which they brought their suit. · If there is any importance in pleading at all, the object of it is to set out the cause of action which the evidence is expected to es-tablish.   Here there was an utter failure to prove the de-claration; and there could be no recovery; and never can. be in the present action.   The contract declared upon being an undertaking to carry from Eufaula, Alabama, and deliver at Albany, Georgia, and that proved being a spe-cial agreement to carry from Louisville, Kentucky, via Atlanta, to Quitman, Georgia, the evidence does not sup-port the declaration.   The two contracts are different causes of action, and in a suit upon the one there can be no recovery on the other.

Judgment reversed.