THE COLUMBUS AND WESTERN RAILWAY CO. *vs.* TILLMAN.

1. Where suit was brought against a railroad company, alleging that certain hams were delivered to the defendant at Opelika to be carried thence to Columbus and there delivered to the plaintiff, and that, for want of due care and diligence by the defendant and its servants, the hams, while in its custody, became unsound and damaged, and that upon the refusal of the plaintiff to receipt for them as in good order, the defendant refused to deliver them and appropriated them to its own use, there being no allusion in the declaration to any bill of lading or to any receipt of the goods from a connecting line of railway; and where the evidence of the plaintiff himself was that, in all probability, the hams were damaged before they were delivered at Opelika, and the character of the

damage itself negatived any theory that it occurred within the time during which the hams were in the defendant's possession, it was error to give in charge §2084 of the code, touching the liability to the consignee of the last of a connecting line of railroads. Where the strict legal rights. of a defendant are insisted upon, the plaintiff cannot sue for one cause of action and recover for another. (Rep.)

(a) The ruling in the case of the *Georgia Railroad vs. Gann & Reaves,* 68 *Ga.* 350, does not conflict with the doctrine here enunciated. (Rep.)

2. The fact that the original bill of lading with the endorsement thereon, was in the possession of the defendant, was no reason for going into secondary evidence as to the endorsement, without laying any foundation whatever therefor. (Rep.) ·

February, 20, 1888.

Railroads. Negligence. Pleadings. Evidence. Before J. M. McNeill, Esq., Judge *pro hac vice.* Muscogee Superior Court. May Term, 1887.

Reported in the decision.

Peabody, Brannon & Battle, for plaintiff in error.

· J. M. Russell; C. J. Thornton, for defendant.

Bleckley, Chief Justice.

The declaration alleged that the plaintiff caused to be delivered to the defendant two crates of hams of the value of $150, to be carried from Opelika to Columbus and there delivered to the plaintiff, the defendant being then a common carrier of freight from the former place to the latter. It further alleged that, for want of due care and diligence by the defendant and its servants, the hams, while in the custody of the defendant, became unsound and damaged, and when applied for at Columbus, the defendant required the plaintiff to receipt for them in good order, which the plaintiff refusing to do, the defendant refused to deliver them, and appropriated them to its own use.

At the trial, it appeared that the hams were received by

the defendant at Opelika from another railway company; that they were not consigned to the plaintiff, but to "Henry King Packing Company, or order"; that they were received on April 9th, 1882, and arrived on the next day; that they were in a damaged condition, being "buggy;" and the plaintiff himself testified that they were very probably spoiled two or three weeks before. He refusing to receive them as 'in good condition and to pay charges, they were sold by the defendant's agent at auction for $37. The plaintiff put in evidence a bill of lading executed by another railway company at St. Joseph, Missouri, on February 6th, 1882, in which it was stated that two crates of hams were received from Henry King Packing Company for shipment to Columbus, Georgia, consigned to said company, or order. This bill of lading was marked on the face " duplicate," and was not endorsed. The point was made by the defendant that it showed no right in the plaintiff to take any benefit under it; whereupon the plaintiff was allowed to testify, over objection by the defendant, that the original bill of lading was endorsed, and was delivered to the defendant's agent at the time the hams were demanded. It did not appear that any notice had been given the defendant to produce the original, or that any effort had been made to procure it.

The court refused to instruct the jury that "if the hams were damaged before they came into possession of the defendant, then the defendant is not liable"; but charged in the terms of section 2084 of the code, that " when there are several connecting railroads under different companies, and the goods are intended to be transported over more than one railroad, each company shall be responsible only to its own terminus and until delivery to the connecting road; the last company which has received the goods as in good order shall be responsible to the consignee for any damage, open or concealed, done to the goods, and such companies shall settle among themselves the question of ultimate liability." The jury found for the plaintiff the

The Columbus and Western Railway Co. vs. Tillman.

full value of the hams, estimated as sound property, at their price in Columbus. The court refused to grant a new trial.

1. The action was not founded on the bill of lading, but upon a contract to carry from Opelika to Columbus, and the declaration made no allusion to any bill of lading, or to any receipt of the goods from a connecting line of railway. According to its allegations, the hams were damaged after they were delivered at Opelika, and not before. The evidence was, by the plaintiff himself, that in all probability they were damaged before. The character of the damage would itself negative any theory that it occurred within the one or two days during which the hams were in the defendant's possession. The court therefore erred in giving in charge to the jury section 2084 of the code, as the same had no application to the cause of action set out in the declaration. Where the strict legal rights of a defendant are insisted upon, the plaintiff cannot sue for one cause of action and recover for another. *Central Railroad vs. Tucker*, last term. 79 *Ga.* 128. We do not think that the case of *Georgia Railroad Co. vs. Gann & Reaves*, 68 *Ga.* 350, properly construed, or any other case decided by this court to which our attention has been called, conflicts with the doctrine here enunciated.

2. The fact that the original bill of lading with the endorsement thereon was in the possession of the defendant, was no reason for going into secondary evidence as to the endorsement without laying any foundation whatever for such evidence. A notice to produce the paper would doubtless have brought it into court, or some response from the defendant concerning it which would have entitled the plaintiff to go into secondary evidence. A new trial should have been granted.

Judgment reversed.