## KERR *v.* GEORGIA RAILROAD COMPANY.

An action for damages to goods, brought against a railroad company under section 2298 of the Civil Code, is not maintainable when it affirmatively appears that the goods in question were consigned from a point beyond the limits of this State under a contract stipulating for their delivery at a point within this State which could not, in the usual and ordinary course of transportation, be reached, and was not intended to be reached, by the defendant's railroad. If it incurred liability for damaging the goods while being transported on its line from the point to which they had been consigned under a contract of that kind to one of its stations, such liability could be established only by bringing a proper action and supporting the same by appropriate evidence.

Argued May 23, — Decided July 19, 1898.

Action for damages — certiorari. Before Judge Candler.. DeKalb superior court. December 20, 1897.

*J. N. Glenn* and *J. L. C. Kerr,* for plaintiff.

*Joseph B. & Bryan Cumming* and *M. A. Candler,* for defendant.

LUMPKIN, P. J.    The St. Louis, Alton & Terre Haute Railroad Company undertook and agreed with one J. N. Hall to transport a car-load of goods from Murphysboro, Ill., to Atlanta, Ga., the consignee being J. B. Kerr.    It was, in behalf of the company above mentioned and its connecting lines, expressly stipulated in the bill of lading that the contract therein embraced "will be accomplished and the liability of the companies as common carriers thereunder will terminate on the arrival of the goods or property at the station or depot of delivery."    Kerr, the consignee, resided at Decatur, Ga., a station on the line of the Georgia Railroad, and really desired the goods to be delivered to him at that place.    It appears, however, beyond question, that Atlanta, the point of destination designated in the original contract of shipment, could not conveniently be reached, and was not, by the terms of that contract, intended to be reached, by transporting the goods over any portion of the line of the Georgia Railroad Company.    In other words, the company last mentioned was not one of the connecting lines over which it was contemplated by the parties the goods should be transported in order to reach the point of destination named in the bill of lading.    When the goods reached Atlanta, this company took charge of the car and transported it to Decatur. The evidence does not disclose why, or at whose instance, it did this, except that in a receipt acknowledging payment of its own freight charges and those which had accrued up to the time when the car reached Atlanta, the Southern Railway Company is designated as the consignor which delivered the car to the Georgia Railroad Company.    Whether the goods were in bad order when received by the latter company does not appear, nor is there any evidence showing that it receipted for them as in good order, or, indeed, receipted for them at all.    Upon opening the car at Decatur, the goods were found to have been very seriously damaged, but when, where or by what means, was not shown.

Kerr brought in the city court of DeKalb county an action against the Georgia Railroad Company, and obtained a verdict, which was, on certiorari to the superior court of that county, set aside; and of this he complains in his bill of exceptions.

The record discloses with certainty that his action was predicated upon section 2298 of the Civil Code, which reads as follows: "When there are several connecting railroads under different companies, and the goods are intended to be transported over more than one railroad, each company shall be responsible only to its own terminus and until delivery to the connecting road; the last company which has received the goods as 'in good order' shall be responsible to the consignee for any damage, open or concealed, done to the goods, and such companies shall settle among themselves the question of ultimate liability." We are quite clear that if Kerr had any cause of action at all against the Georgia Railroad Company, it was not maintainable under this section. It unquestionably refers to shipments over connecting lines of railroad over each of which the goods must pass, and are intended to pass, in order to reach the point of destination specified in the contract of shipment. As to this consignment from Murphysboro, Ill., to Atlanta, Ga., the Georgia Railroad could not possibly have been intended to be one of such connecting lines, and therefore the phrase, "the last company which has received the goods as 'in good order,' " as used in the section cited, can have no bearing upon a case of this kind. The decision of this court in *Georgia Railroad Co.* v. *Gann & Reaves, 68 Ga.* 350, is not applicable here; for it appeared in that case that the goods for injury to which the action was brought were billed from St. Louis, Mo., to Athens, Ga., and the contract of shipment contemplated that they should reach the latter place by being transported over the Georgia Railroad. The case of *Western & Atlantic Railroad Co.* v. *Exposition Cotton Mills, 81 Ga.* 522, is directly in point, and supports the conclusion reached in the case at bar.

      *Judgment affirmed. All the Justices concurring.*