## GUNN v. HEAD.

1. The amendment offered was not germane to the cause of action set out in the original petition, and should not have been allowed over the objection of the defendant.

2. There being no evidence in this case to authorize a charge on the law of agency, the same should not have been referred to in the instructions given to the jury.

3. The trial judge erred in instructing the jury as complained of in the 5th ground of the amended motion for a new trial.

4. Evidence irrelevant to the issue on trial should not, when objected to on that ground, be permitted to go to the jury; and when such evidence is calculated to prejudice the jury against one of the parties, its admission over proper objection affords good ground for a new trial.

5. A party to a suit in any of the courts of this State has a right to prosecute or defend his own case in person or by attorney, or both; but when a person is sued, and the answer which he makes sets up no defense, and under his own evidence the plaintiff is entitled to a verdict against him, he has no cause and no right to appear and address the jury to whom the case has been submitted.

Argued July 2,—Decided August 9, 1902.

Complaint. Before Judge Nottingham. City court of Macon. October 15, 1901.

*Hardeman & Moore*, for plaintiff in error.
*Arthur L. Dasher*, contra.

LITTLE, J. Head instituted an action in the city court of Macon against U. M. Gunn and H. A. Gunn, to recover a judgment on a promissory note, dated May 23, 1893, which on its face jointly and severally bound the defendants to pay to the order of the plaintiff $750, 90 days after date. On August 15, 1899, Mrs. H. A. Gunn, one of the defendants, filed her separate answer, denying indebtedness and pleading non est factum. In March, 1900, the other defendant, U. M. Gunn, filed an answer in which, after admitting all of the allegations in the petition, with the exception that he denied in general terms that he was indebted to plaintiff in any sum whatever, he set forth, as matter of defense to the action, that he was acting solely as the agent of his codefendant, Mrs. H. A. Gunn, in negotiating the note sued on, being at that time, and before, her general agent for the purpose of managing her business interests, with power to negotiate notes, borrow money, buy goods on credit, incur debts, all in her name, and to bind her estate thereby; that he received no benefit whatever from said note,

but all of its proceeds were used by him in said general agency in paying the expenses of her farming interests and charges against her land; that H. A. Gunn had signed the note in his presence, had reaped all the benefits arising therefrom, and is the only one against whom a judgment should be rendered. Subsequently, at the trial in June, 1900, the plaintiff offered an amendment to his petition, to the effect that the note was given partly for supplies furnished Mrs. H. A. Gunn through her general agent, U. M. Gunn, for the purpose of conducting her farming interests and improving her lands, and was partly for money loaned, which was used by Gunn, as general agent, in paying taxes and laborers in the interest of Mrs. H. A. Gunn; that her agent had full power and authority to manage the affairs of Mrs. Gunn, and to charge her estate, and she reaped the benefits arising from the conduct of her agent in procuring from petitioner said supplies and money. To the allowance of this amendment the defendant objected, and demurred on a number of grounds. The demurrer was overruled, and defendant filed exceptions pendente lite, and has assigned error on the same. The case was submitted to the jury on evidence to which reference will hereafter be made, and a verdict was rendered for the plaintiff against both defendants. Mrs. H. A. Gunn filed her motion for a new trial, which being overruled, she excepted. The motion for new trial contains 24 grounds, many of which we find well taken. Some show that errors of an immaterial character were committed in the trial of the case, and others appear to be without merit. As the case is to be tried again, it is not necessary to consider and pass on the grounds that the verdict was contrary to the evidence and without evidence to support it. Such of the rulings of the trial judge as we deem to be erroneous, and of sufficient importance to cause a reversal of the judgment, we will refer to and consider in the order in which they appear in the record.

1. Complaint is made that the trial judge overruled the demurrer to the amendment which the plaintiff offered to his petition, and allowed the same over defendant's objection. We are of opinion that the court erred in so ruling. The action, it will be remembered, was brought against two defendants, seeking to recover a judgment on a joint and several note. As a matter of law, the answer filed by U. M. Gunn set up no defense whatever to the action, and his plea should have been demurred to and stricken. Sup-

pose that in this transaction as set up by him U. M. Gunn was the general agent of his codefendant, H. A. Gunn, and that she did receive its benefits, he nevertheless chose to bind himself to pay it, and it was no concern of the plaintiff, or the holder of the note, how he used the proceeds. The general denial of indebtedness on his part only amounted to a plea of the general issue, and since the act of 1893 such a plea is bad. Civil Code, § 5051. Plaintiff claimed that the two defendants, as several makers of the note, were indebted to him the amounts expressed therein, and he sought to recover a judgment for these amounts. By his amendment he prayed for no additional relief, and sought no different judgment. The only allegations which the amendment contains are, that U. M. Gunn was the general agent of H. A. Gunn, and had authority to manage her affairs and bind her estate; that the consideration of the note was partly for money loaned and supplies used in her behalf, which were procured in good faith and were necessary to promote the interests of his principal, who accepted and enjoyed the fruits of his action. What connection there is between these allegations and the promise of U. M. Gunn to pay at a particular time the sum mentioned in the note we entirely fail to see. With this amendment the issues were very much enlarged, and to no purpose; for it matters not whether or not U. M. Gunn was such agent, and H. A. Gunn received the full benefit of the consideration for which the note was given. Her liability to pay the note, if she made it, would not be increased in any respect because of such facts. If it was the idea of the pleader that, if the plaintiff should fail in obtaining a judgment on the note, he would be entitled to a decree because of the benefits which Mrs. Gunn received from the consideration of the note, that result could not be brought about by the amendment. In that view, the cause of action set out in the amendment would not be germane to that contained in the original petition; and besides, the amendment contains no proper prayers. "Where the strict legal rights of a defendant are insisted upon, the plaintiff can not sue for one cause of action and recover for another." *Columbus Ry. Co.* v. *Tillman,* 79 *Ga.* 610. The trial judge erred in allowing the amendment.

2. Error is assigned, also, to that portion of the charge in which the jury were instructed as to the law of agency; and because the court in that connection charged the jury that if a principal stands

by and authorizes another to sign his or her name to a promissory note, either by word, act, or silence, it would be the note of the person so standing by and so authorizing; and that if they should find from the evidence that H. A. Gunn began the signature and did not complete it, and if H. A. Gunn wrote the initials of her name and stopped, and U. M. Gunn completed the signature in her presence and with her acquiescence, and if by her conduct she authorized such completion of her signature, she would be bound for the payment of the note.    The legal principle involved in the charge referred to is unobjectionable, but, as we understand the record, it has no application to the evidence in this case.    As we have said, there is no question of agency involved.    Mrs. Gunn in the legal method denied that she executed the note.    The only two witnesses in reference to execution were U. M. and H. A. Gunn.    No part of the evidence of either of these witnesses raised the question of agency.  ·  U. M. Gunn testified that H. A. Gunn signed the note; that her signature was very imperfect, or, as he expressed it, "imperfectly visible," and her signature and name could not have been seen "in a prompt way"; that he took his steel pen and, with ink different from that in which she had written her signature and name, ran his pen over her signature for the purpose of making it legible and visible.    He further said:    "When I took my pen to fix the signature, Mrs. Gunn was still in the room, she could have seen it, but whether she was looking at me when I did it or not I do not know.    I will say she was looking at me when I ran my pen over it."    On the contrary Mrs. Gunn says that she did not sign the note at all, and never saw it until some years after its date; and that she never saw U. M. Gunn trace her signature. The plain law of the case is, that if the evidence of U. M. Gunn is true, Mrs. Gunn is liable because she signed the note, and that liability is not diminished because U. M. Gunn retraced her signature.    If she did not sign the note, she is not liable, even if Gunn was her general agent, and did trace her signature.    If U. M. Gunn's evidence is to be relied on, he did not trace her signature as her agent, but because he wished it to be plainer.    So under no theory of this evidence is the law of agency involved.    Nor can it arise under the evidence that Mrs. Gunn may have seen the tracing and did not object.    Before she could be held liable as adopting the tracing of U. M. Gunn over her signature, it must be made

clearly to appear that she knew it and acquiesced in it. If she did both these things, she could not thereafter be heard to complain of it. But the evidence that she did is neither clear nor positive, but as Gunn, the only witness, relates it, it is a matter of great doubt whether she knew it, and the jury would not, if it happened just as Gunn said, have been authorized to find as a fact that she saw Gunn trace her signature or knew of it. He states that she could have seen it, but whether she was looking at him when he did it he did not know, but would say she was. This was not sufficient evidence to authorize the jury to find that she saw Gunn when he retraced her signature, and knew what he was doing and acquiesced in it. And as it would not authorize the jury to so find, the court should not have charged on the subject, because the evidence did not warrant it.

3. The following charge is complained of in the 5th ground of the amendment to the motion: "If there are two theories in the judgment of the jury, and are alike reasonably deducible from the evidence, one of which theories would in effect charge upon one of the parties in this case the crime of forgery, the fact that the law presumes every man innocent of a crime is to be weighed by the jury, in determining which of those two theories they will accept. The law presumes every man, every citizen, innocent of a crime charged upon him, until the contrary be established; and therefore the court charges you in this case that if there be two theories that appear to the jury equally reasonable, equally reasonably deducible from the evidence in the case, one of which would involve the crime of forgery upon the part of U. M. Gunn, the other of which would not involve the crime of forgery upon his part, that question, and the fact that the law presumes every citizen innocent of a crime is to be weighed by you in determining which of these two theories you will accept, and what verdict you will render in the case." In our opinion this charge was entirely inapplicable to the case on trial. It is true that the law does not presume that a person has committed a crime, and that it presumes every citizen innocent until his guilt is shown. In the case on trial the law presumes that U. M. Gunn told the truth. It did not presume that Mrs. Gunn perjured herself. Unfortunately, the testimony of both of these witnesses as to the fact of the execution of the note by Mrs. Gunn could not be true; but whether Mrs. Gunn did or did

not execute the note must be determined from the evidence in the case, and not from presumptions. Mrs. Gunn in her sworn plea said she did not sign the note. Being sworn as a witness she testified that she did not. If she did, she was guilty of perjury; and while the law would not presume that she was so guilty, the finding of the jury must characterize the evidence of one of the witnesses, on this subject, as false, because as to the fact of the execution they were directly in conflict. It was a matter for the jury to settle under the evidence, and not by theories; for if the jury should hesitate to find a verdict for the defendant because such a verdict would, impliedly at least, point to the witness as having forged the instrument, they should on the same principle hesitate to find a verdict for the plaintiff, because not only impliedly but expressly that verdict would characterize the other witness as a perjurer. When evidence is conflicting, the jury must find the truth by the application of well-known rules which were undoubtedly communicated to the jury in this case.

4. A number of grounds of the motion complain that the court erred in admitting certain evidence of U. M. Gunn. In the evidence objected to were the statements that the witness as agent of Mrs. Gunn had a large plantation which he had bought at from $1 to $5 per acre, and had spent from $13 to $70 dollars an acre to clear it up and ditch it; how he managed this property; how long he lived with his wife; how he had been robbed by the "communistic verdicts of juries"; that he had given a $10,000 bond; and "when I had a bank account I was all right, but I am now a tramp because of that woman, and she has no more reason, infinitely less reason, to pursue me than Delilah had to ruin Samson or betray him; and I want the jury to know the facts in such a way that they will know their duty." A knowledge of such facts obtained by the jury in this way, given for the purpose of showing them their duty, would of itself have been amply sufficient to cause a reversal of the judgment, simply because, without any regard to the truth or justice of the criticisms thus indulged in, it must be apparent that they could have no connection, even in the remotest degree, with the question at issue—that is, did Mrs. Gunn sign the note sued on?

5. The last ground presented for our consideration is, that the court erred in permitting U. M. Gunn to argue the case to the jury

over the objection of H. A. Gunn's counsel, she contending that U. M. Gunn was not entitled to argue the case to the jury, for the reason that he admitted his liability and made no defense which he was entitled to sustain under the law and the evidence in the case. Paragraph 4 of the bill of rights of the constitution of this State (Civil Code, § 5701) declares that no person shall be deprived of his right to prosecute or defend his own cause in any of the courts of this State, in person or by attorney, or both. It is not claimed that U. M. Gunn was an attorney at law, and engaged as such by the plaintiff in this case. Therefore his right to appear and argue this case depended upon whether he had raised any issue or interposed any defense to the action in which he was sued. If he had, he was entitled to defend his case. That is to say, he was entitled to appear before the jury and defend this case to the extent in which his interest was involved, and no further. It was ruled in the case of *Stephens* v. *Gate City Gas-Light Co.*, 81 *Ga.* 153, that where the defendant was personally served and made no defense, and the statute construing his silence as an admission of the correctness of the account sued on, there was nothing for counsel to argue to the jury, and the court did not err in refusing to allow him to address the jury. The same rule, applied to counsel under the authority cited, would apply to a party to the case if he desired to appear in person ; and to determine the question made by the assignment of error in the ground of the motion above referred to, we must ascertain whether U. M. Gunn, one of the defendants, had interposed a defense to the plaintiff's action. We do not think he had. As we have seen, after admitting all the allegations in the petition except his liability, he then set up, by way of a plea in bar, that he was the general agent of H. A. Gunn in negotiating the note, that he received none of the benefits of the proceeds of the note, and that she received them all ; and his conclusion was that a judgment should only go against her. It may be said, however, that while this plea interposed no defense, and did not set up any fact which was a bar to the action, it was not demurred to, and hence the defendant would have the right to go to the jury. This position, in the light of the evidence, can not be maintained; if the plea is to be treated as a serious defense, it is summarily disposed of by himself. In the course of his evidence as a witness for the plaintiff he testified that he signed the note; that about the time or shortly

before the note was executed there was an agreed compromise settlement by his counsel, C. A. Turner, and Claud Estes, who represented Peter Harris, and Harris agreed to take $750 in settlement of his claim against him ; that there was a $750 note to be negotiated for the purpose of raising the fund to be used to settle the Harris claim ; that he had the blanks in his secretary on both Plant's and the Exchange Bank, and used this blank on the Exchange Bank for the purpose of applying it to this $750. The witness then proceeded to state in detail the manner in which both his wife and himself signed the note, and the further fact that he traded the note to the plaintiff for various and sundry supplies furnished for plantation use, and that all the $750 (represented by the note sued on) "went for H. A. Gunn's estate which was in my hands, that I was handling as her agent," etc. So treating the averments of the plea as a defense, the plaintiff as a matter of law was entitled to a verdict against U. M. Gunn on his own evidence, notwithstanding his plea and proof that he was the general agent of his wife, and that she received the proceeds of the note, because there was no evidence of any kind or character which tended to show non-liability on the part of U. M. Gunn ; and as neither under the plea nor the evidence was the plaintiff at issue with this defendant, the only question to be tried and settled was raised by Mrs. Gunn under her plea of non est factum. On this issue U. M. Gunn could not legally appear before and address the jury. The right which is given him to do this is in his own case. He had no case under his plea and his own evidence. Having none, he had no place before the jury, and the trial judge erred as complained of in this ground of the motion for a new trial.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*