This is an action to recover damages for the breach of covenants in a deed. Plaintiff alleges in his complaint that in 1888 the defendants conveyed to him a tract of land in Richmond County containing 245 acres, being the lot set apart to Nannie Leak in the division of a larger tract. That the deed contained covenants of warranty and seizin in the usual form, and that at the time of the execution of the deed the defendants were not the owners of the entire premises, as they had in 1887 conveyed 41.8 acres of the land to one Jesse Reynolds, and that the plaintiff has not been permitted nor has he been able to occupy that part of the tract since the execution of the deed. He further alleges that by reason of the premises he has sustained damages in the sum of $170, which is the value of the 41.8 acres. The defendants in their answer deny the alleged breach of the covenants, and, among other defenses, plead "that the plaintiff's action is barred by the statute *Page 221 
of limitations, in that his cause of action arose more than ten years before the commencement of this action." The action was commenced on 29 August, 1903. Plaintiff testified that he did not know (256) of the deed to Reynolds until 21 November, 1899, which was some time after the execution of the deed to him; that he copied the latter deed from the deed of Nannie Leak to the defendant E. N. Ingram, and left it with the defendants to execute. The defendant E. N. Ingram testified that he told the plaintiff at the time of the sale that his land was bounded by Jesse Reynolds' land, and that the tract contained 200 acres. There was evidence tending to show that Jesse Reynolds was in adverse possession of the 41.8 acre tract at the time the plaintiff bought the land and received his deed, claiming it under the Ingram deed. It is not necessary to state any more of the evidence in order to present the point decided in the case. Issues were submitted to the jury, which, with the answers thereto, are as follows:
1. Did the deed include the 41.8 acres previously conveyed to Reynolds by the mutual mistake of the parties? No.
2. Was the said 41.8 acres inserted in the deed by fraud on the part of the plaintiff? No.
3. Is the plaintiff's cause of action barred by the statute of limitations? Yes.
4. What damages, if any, is the plaintiff entitled to recover? Not answered.
The plaintiff requested the court to charge the jury as follows:
1. That it appearing from the evidence that there was a mistake or fraud in the deed from the defendant to the plaintiff, the plaintiff had three years in which to bring his action after discovery of said mistake or fraud.
2. That if the jury believe the evidence, the plaintiff brought his action within less than three years after the discovery of the facts constituting such mistake or fraud, and therefore the plaintiff's action is not barred by the statute of limitations, and they should (257) answer the third issue "No."
3. That the ten years statute of limitations as pleaded by the defendant is not applicable to this action.
These instructions were refused by the court, and the plaintiff excepted.
The decision of the case turns upon the question whether the three years statute, The Code, sec. 155 (9), or the ten years statute, The Code, sec. 158, applies to the plaintiff's cause of action. The action was brought upon the covenants in the deed and not upon the theory that there was any fraud or mistake in the deed, nor upon the theory that *Page 222 
the defendant had made a fraudulent representation as to the quantity or acreage, which would entitle the plaintiff to recover damages for deceit. It is perfectly clear that the pleader, when he drew the complaint, intended to declare upon the covenants or in contract, and not in tort. If he intended to sue in tort, as for deceit, his allegations are not appropriate and sufficient for such a purpose, and we find nothing in the evidence, upon a careful examination of it, to support any such cause of action, under the well-settled principle applicable to cases of that kind. There is neither allegation nor proof fit for that purpose. Walsh v.Hall, 66 N.C. 233; Etheridge v. Vernoy, 70 N.C. 718; Anderson v.Rainey, 100 N.C. 321. If there had been proof, it would not be sufficient, for proof without allegation is as ineffectual as allegation without proof to sustain it. There must be both allegation and proof to entitle a party to the relief he seeks. McKee v. Lineberger, 69 N.C. 217. Indeed, upon the evidence as stated in the record, we think the cause of action set forth in the complaint was well conceived. If the plaintiff had any cause of action, it was for a breach of the covenants, and the complaint in that view of the case is aptly and skillfully drawn. (258) The court in its charge upon the first and second issues gave the plaintiff the full benefit of the proof, as if he had alleged the fraud or mistake in his complaint, and the proof tended to establish such a case, and upon these issues the jury found against the plaintiff. The charge of the court, therefore, was more favorable to the plaintiff in that respect than it should have been, and he had no good reason to complain of it. The court should not have submitted the first two issues to the jury at all, as there were no allegations in the complaint upon which they could be founded, if there had been any evidence to sustain them. Issues should not be submitted on evidence alone; they arise out of the pleadings and should correspond with them.
As the plaintiff elected to sue upon the covenants in the deed, and it appears from the evidence that he had no other valid cause of action, his right of action accrued to him, as to the covenant of seizin, when the deed was delivered, as that covenant is strictly one for title (Price v. Deal,90 N.C. 290), and, as to the covenant of warranty, although it is a covenant for possession or for quiet enjoyment (Price v. Deal), the right of action upon the facts of this case also accrued at the time of the delivery of the deed, because the pleadings virtually imply, and the evidence tends to show, that Jesse Reynolds was in adverse possession at that time, claiming the land under the deed from Ingram, which, being prior in date to the deed of Ingram to the plaintiff, conferred upon Reynolds the better title, nothing else appearing. In other words, while his right of action upon the covenant of warranty accrued only when *Page 223 
there was an ouster, the adverse possession of Reynolds under a good title was equivalent to an ouster, and, it having existed when the deed was delivered, the accrual of the right of action must date from that time.Grist v. Hodges, 14 N.C. 198; Hodges v. Latham,98 N.C. 239; 2 Am. St., 333. (259)
The statute of limitations commences to run, of course, from the accrual of the right of action. As this action is upon the covenants and is not based upon the idea of fraud or mistake, which would entitle the plaintiff to sue at law or in equity, according to the nature of his suit for relief, and, as the three years statute cannot, therefore, apply(Burwell v. Linthicum, 100 N.C. 149), the action is barred, a sufficient time having elapsed since the cause of action accrued, as above indicated, to defeat the plaintiff's right of recovery. The Code, sec. 152 (2). As the complaint contains no allegation or suggestion of fraud or mistake, the action, so far as it can be affected by the statute of limitations, is not unlike any other ordinary action for damages upon a broken covenant.
Although no reference was made to the matter in the argument, we have examined the record with a view of deciding whether the court below had jurisdiction of the action, and have concluded, upon an inspection of the pleadings, that there was a sufficient controversy affecting the title to real property to confer original jurisdiction upon the Superior Court, and, especially, in view of the well-settled principle that the jurisdiction of that court must be determined by the facts as stated in the complaint. It is the statement in good faith of a cause of action, which is, on its face, within the jurisdiction of the court, that confers the necessary jurisdiction to proceed in the case, and this jurisdiction once acquired is not lost by any subsequent elimination of the allegations of the complaint, which were essential to its existence, whether by pleadings, as in the case of an answer or demurrer, or by failure of proof, or in any other way.Martin v. Goode, 111 N.C. 288; 32 Am. St., 799; Sloan v. R. R.,126 N.C. 487.
We do not well see how a justice of the peace could have taken cognizance of the questions involved in this case and administered the rights of the parties, and we presume this view was taken by counsel, as no objection was made to the jurisdiction, either below or in this Court. (260)
We find no error in the rulings of the court below.
No error.
Cited: Lemly v. Ellis, 143 N.C. 209; Brock v. Scott, 159 N.C. 516;Fields v. Brown, 160 N.C. 300; Crowell v. Jones, 167 N.C. 389. *Page 224