### G. E. CROWELL ET AL. v. CHARLES O. JONES AND WIFE.

(Filed 25 November, 1914.)

1. **Pleadings—Deeds and Conveyances—Insufficient Description—Appeal and Error.**

   In an action upon a note given for the purchase price of lands and to foreclose a mortgage given thereon to secure it, the position is not open to the defendant that the description in the mortgage was insufficient, when it is not denied in the answer that the mortgage covered the *locus in quo.*

2. **Deeds and Conveyances—Stakes—Beginning Points—Definite Location.**

   While it is true, as a rule, that a stake is not sufficiently definite to be considered as a beginning corner in the description of the lands conveyed, this rule obtains only in cases where there are no data presented in the description from which the true location of the stake can be determined, and does not apply to this case, wherein the location of the stake is definitely given as "the point in the center of the public road where it crosses the Piedmont Railway Company," etc.

3. **Bills and Notes—Interest in Advance—Short Periods—Usury.**

   Interest on a note may be taken in advance for short periods by way of discount, and a note which provides for the payment of 6 per cent interest per annum, payable monthly, does not appear to be usurious upon its face.

4. **Actions—Pleadings—Counterclaim—Uncollected Accounts.**

   A counterclaim alleged by reason of accounts of defendant in the plaintiff's hand, remaining uncollected, cannot be sustained, when it does not appear that the plaintiff had in any manner guaranteed their collection.

5. **Fixtures—Deeds and Conveyances—Flouring Mills.**

   A flouring mill with engine, boiler, and usual machinery and fixtures, attached to lands, will pass to the grantee of the lands without being mentioned in the conveyance.

6. **Deeds and Conveyances—Covenants of Seizin—Indefeasible Fee—Breach —Measure of Damages—Verdicts.**

   A covenant of seizin is ordinarily one for an indefeasible title, and being *in præsenti,* a right of action accrues to the covenantee for its breach at the time he receives his conveyance; and unless he has bought the paramount title for a less amount, the rule of damages is the amount of the purchase price, where there has been an entire failure of title, and a proportionate diminution when the failure goes only to a part of the property, the purchase price being the basis of estimate, and the propor-

tion being that of value and not of quantity; and the trial court having correctly charged this principle with relation to defendant's counterclaim, in plaintiff's action to foreclose a mortgage given for the purchase price, it is held that a verdict in plaintiff's favor upon the issue will not be disturbed.

7. Trials—Verdict, Directing—Nominal Damages—Costs—Appeal and Error—
   Harmless Error.

The failure of the jury to regard the instruction of the trial judge for them to allow nominal damages upon the issue of the defendant's counterclaim, which only had significance upon the question of costs, is held immaterial, the plaintiff being entitled to recover costs by reason of the verdict of the jury in his favor on the other issues involved in the action.

APPEAL by defendant from *Devin, J.,* at August Term, 1914, of DAVIDSON.

Civil action. It appeared that plaintiffs had conveyed to defendants a certain interest, six-fifteenths, in a piece of property on which there was a flouring mill with engine, boiler, and usual machinery and fixtures, and the action is brought to collect note given for the purchase money and to foreclose a mortgage on the property to secure the same. The note for $3,317.80 is in form as follows:

"$3,317.80.

"One year after date we promise to pay to Millie Jones Crowell and G. E. Crowell the sum of $3,317.80, with interest from date at 6 per cent per annum, less 1 per centum per annum to be applied to the insurance, for value received. This note is secured by real estate mortgage of even date herewith. It is further agreed that the interest on this note is to be paid monthly."

Defendant resisted recovery, contending:

1. That the mortgage did not sufficiently describe the land.

2. That same did not convey the machinery and fixtures.

3. That there was a counterclaim by reason of certain accounts turned over to defendants in the trade which were worthless.

4. And by reason of a breach of the covenant of seizin in the deed conveying property to defendant.

The jury rendered the following verdict:

1. In what amount are the defendants indebted to the plaintiffs? Answer: "$3,317.80, with interest at 5 per cent from 29 February, 1913, and $108, with interest from 8 August, 1913, at 6 per cent."

2. What amount, if any, is the defendant entitled to recover on his counterclaim set up in the answer? Answer: "$16.45."

3. What damage, if any, are defendants entitled to recover on account of breach of covenant of seizin? Answer: "Nothing."

4. Does the description in the mortgage cover the mill machinery, as alleged in the complaint? Answer: "Yes."

5. Does the land described in the complaint include the mill site referred to? Answer: "Yes."

Judgment on verdict for plaintiff, and defendant excepted and appealed.

*T. W. Bickett and E. E. Raper for plaintiff.*
*Walser & Walser and Phillips & Bower for defendant.*

HOKE, J., after stating the case: There is no denial in the answer as to the mortgage covering the land on which the mill is situate, and, there being no issue presented, the objections bearing on the sufficiency of the description are not properly open to defendant on the record. The position insisted on, that a stake is not sufficiently definite to be considered a beginning corner, is true as a rule, but it obtains only in cases where there are no data presented in the description from which the true location of the stake can be determined.

In this instance, while the beginning corner is said to be a "stake," its location is definitely given: "Beginning at a stake at the point in the center of the public road where it crosses the Piedmont Railway Company, runs thence east with the right of way, etc." It thus becomes a fixed point, sufficiently described and readily located, and the objection is without merit.

It was further insisted that the note is usurious on its face, but the authorities, here as elsewhere, are to the effect that interest by way of discount may be taken in advance for short periods, and that the term of one year is properly considered as coming within the rule. *Bank v. Hunter,* 12 N. C., p. 123; *Fowler v. Trust Co.,* 141 U. S., 384; *Bramblett v. Bank,* 122 Ky., 324; *McCall v. Herring,* 116 Ga., 325; *Valhberg v. Keaton,* 51 Ark., 534. And it is further held that the stipulation for paying the highest legal rate per month will not be considered a violation of the usury statutes as ordinarily framed. *Meyer v. Miscatine,* 68 U. S., 385; *Goodale v. Wallace,* 19 S. D., 415; *Fowler v. Trust Co.,* 141 U. S., *supra;* *Hatch v. Douglass,* 48 Conn., 116; *Quinn v. Bank,* 8 Ga. App., 235.

Neither the answer nor the testimony offered by defendant are sufficient to sustain a counterclaim by reason of accounts uncollected by defendant, for it does not appear that any guarantee for collection was made. Defendant claimed, however, that the sum of $16.45 of these accounts had been paid plaintiff since transfer of same. The issue was answered to that amount in defendant's favor by consent of parties.

The position that the machinery did not pass with the deed and mort-

gage purporting to convey the land cannot be sustained. It was placed in the usual way in such plants, and, in the language of one of the witnesses, it was "screwed down and fastened good," and, under our decisions, was conveyed by the written deeds offered in evidence and on which the rights of the parties depend. *Horne v. Smith,* 105 N. C., 322; *Latham v. Blakely,* 70 N. C., 368.

The counterclaim by reason of breach of the covenant of seizin was answered by the jury in plaintiff's favor, and we find no sufficient reason for disturbing the verdict. This breach of covenant was claimed by reason of a stipulation, appearing in the line of plaintiff's title, that the property was conveyed, "So long as said property is used for milling and manufacturing purposes. Should the said company or their heirs or assigns ever use the said property, herein described, for residential purposes or any other purpose other than herein limited, the same shall thereby revert to the grantor and his heirs in fee simple."

The covenant of seizin as ordinarily expressed in deeds is considered in North Carolina and by the weight of authority elsewhere as a covenant for an indefeasible title (*Wilson v. Forbes,* 13 N. C., 30; Rawle on Covenants, 5 Ed., sec. 60; 11 Cyc., p. 1068), and being a covenant effective *in præsenti,* it is held that, if broken, a right of action accrues at the time of conveyance made (*Eames v. Armstrong,* 146 N. C., 1; *Shankle v. Ingram,* 133 N. C., 255; *Pierce v. Deal,* 90 N. C., 290); and that, unless the paramount title has been bought in for a less amount, the rule of damages is the amount of purchase money between the original parties to the covenant where there has been an entire failure of title, and a proportionate diminution when the failure only goes to a part of the property, the purchase price being the basis of estimate and the proportion being that of value and not that of quantity.

From the facts in evidence, it appeared that plaintiffs had conveyed to defendants six-fifteenths of the property with full covenants, and that plaintiff's right of action as to four-fifteenths was barred and that the property in question was still used as a mill, and from its style, shape, and position, it was not likely to be used except as stipulated, for milling purposes, etc. And on these facts we think his Honor, confining the deliberations of the jury to the two-sixteenths and making the purchase price in the original deeds the basis of estimate, was correct in holding that there was a breach of the covenant of seizin and that the damages would be correctly measured by the impaired value of the premises arising from the stipulations for reverter. *Pierce v. Deal, supra; Hartford Ore Co. v. Miller,* 41 Conn., 112; *Guthrie v. Prigslie,* 12 N. Y., 126; Rawle on Covenants, secs. 186 and 187; 11 Cyc., p. 1161.

The matter is not further pursued, as defendant, while he presents the question in his exceptions, seems to have abandoned them in his brief.

The fact that the jury, in disregard of his Honor's instructions, failed to allow defendant even nominal damages, is no longer of the substance. It would only have significance on the question of costs, and these are recovered by plaintiff by reason of the verdict on the other issues.

We find no reversible error in the record, and the judgment in plaintiff's favor is affirmed.

No error.